# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIZA DAWN CHERRICKS, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 10-1015-LPS |
| | : |
| UNIVERSITY OF DELAWARE, | : |
| | : |
| Defendant. | : |

---

Liza Dawn Cherricks, New Castle, Delaware, Pro Se Plaintiff.

## **MEMORANDUM OPINION**

March 28, 2011
Wilmington, Delaware

**Stark, U.S. District Judge:**

# I. INTRODUCTION

Plaintiff Liza Dawn Cherricks ("Cherricks") of New Castle, Delaware, filed this civil action on November 23, 2010. (D.I. 2) She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915.

# II. BACKGROUND

Cherricks alleges Defendant University of Delaware ("UD") refused to comply with her Freedom of Information Act ("FOIA") request. Rather than comply, one of its workers hung up on her. Later she was told that she could not call or visit the UD campus.

# III. STANDARD OF REVIEW

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Cherricks proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke,* 490 at 327-28; *see also Wilson v. Rackmill,* 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Cherricks leave to amend her complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal,* ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal,* 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside,* 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *See id.* The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. *See id.* at 210-11.

Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Cherricks has a "plausible claim for relief." *Id.* at 211. In other words,

the Complaint must do more than allege Plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal,* 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).

## IV. DISCUSSION

Cherricks claims non-compliance with the FOIA. Section 552(a)(4)(B) of the FOIA confers jurisdiction upon a court to enjoin an agency of the federal government from withholding agency records from a requester and to order production of documents. *See* 5 U.S.C. § 552(a)(4)(B). The provision, however, applies only to agencies of the government of the United States, and does not extend to state or local agencies. *See Dunleavy v. New Jersey,* 251 F. App'x 80, 83 (3d Cir. Oct. 16, 2007) (not published); *Davidson v. Georgia,* 622 F.2d 895, 897 (5th Cir. 1980) (FOIA has no application to state governments); *Krebs v. Rutgers, the State University of New Jersey,* 797 F. Supp. 1246, 1253 (D.N.J. 1992). Because the University of Delaware is not an agency of the federal government, the Complaint fails to state a FOIA claim. Plaintiff's remedy, if any, lies in State court. *See* 29 Del. C. §§ 10001-10006.

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the Complaint is futile. An appropriate Order follows.

3